UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal Action No.: 20-CR-10306-GAO

United States of America

v.

Peter Brand and Jie "Jack" Zhao
*Defendants*

# MOTION OF NON-PARTY, DARIA SCHNEIDER, TO QUASH SUBPOENA FOR DOCUMENTS SERVED ON DECEMBER 11, 2022

## *INTRODUCTION*

Daria Schneider, a non-party subpoenaed witness, respectfully moves this Court, pursuant to Fed. R. Crim. P. 17(c), to quash the government's/U.S. Attorney's Office's (USAO) subpoena for documents delivered on her counsel on the evening of Sunday, December 11, 2022.[1]

As grounds, Ms. Schneider states that:

(1) The government is misusing Fed. R. Crim. P. 17(c) because:

    a. It cannot demonstrate that the documents sought are evidentiary and relevant;

    b. The subpoena for documents was intended by the government as a general fishing expedition; and

(2) The subpoena is unreasonable and oppressive for her and therefore, pursuant to Fed. R. Crim. P. 17(c)(2), it must be quashed.

## *RELEVANT LAW*

Fed. R. Crim. P. 17(c)(1) states:

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the

---

[1] See Exhibit A.

designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c) allows a party to file requests for subpoenas duces tecum that are returnable prior to trial. See United States v. Kravetz, 706 F.3d 47, 53 n.2 (1st Cir. 2013) (Fed. R. Crim. P. 17(c) "contemplates subpoenas duces tecum returnable either at or prior to trial"). One of the "fundamental characteristics of the subpoena duces tecum (or subpoena for documents) in criminal cases" is that "it was not intended to provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. at 698; accord United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007). To withstand a motion to quash subpoena served on a non-party, the party serving the subpoena is required to show, by a preponderance of the evidence, that documents sought are evidentiary and relevant, that they were not otherwise procurable reasonably in advance of trial by exercise of due diligence, that party could not properly prepare for trial without such production and inspection in advance of trial, that failure to obtain such inspection might tend to unreasonably delay trial and that application was made in good faith and was not intended as general fishing expedition. United States v. Nixon, 418 U.S. at 700. In sum, the moving party must clear three hurdles (also known as the Nixon standard) by demonstrating: (1) relevancy; (2) admissibility; and (3) specificity.

Fed. R. Crim. P. 17(c)(2) states:

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

The power to quash, alter or enforce a subpoena lies not with government agents but with the Court. In re Nwamu, 421 F.Supp. 1361. 1365 (S.D.N.Y. 1976). Fed. R. Crim. P. 17(c) expressly provides a "check on the judicial issuance of a pre-trial subpoena duces tecum—a motion to quash

or modify by the subpoenaed party." United States. v. Beckford, 964 F.Supp. 1010, 1028 (E.D. Va. 1997).

*ARGUMENT*

**(1) The subpoenaing party is misusing Fed. R. Crim. P. 17(c).**

The government has no basis believe that the documents sought contain relevant or admissible evidence at this trial. Since October 2019, Ms. Schneider, a non-party, has been employed as the head coach of the men's and women's fencing teams at Harvard University. On or about December 2020, the government brought this action against the defendants. On or about October 2022, the government became aware that Ms. Schneider is a prospective witness. From October 2019 through the commencement of this trial, the government did not seek to reach Ms. Schneider for an interview, nor did it seek production of documents sought here pursuant to Fed. R. Crim. P 17(c). After the conclusion of its fifth day of trial on December 9, 2022, a Friday evening, the government sought for the first time to interview Ms. Schneider. The government candidly stated that it had "no idea" what information Ms. Schneider would testify to. Two days later, the government emailed undersigned counsel the subpoena for documents on Sunday, December 11, 2022 at 5:23PM.

The subpoena for Ms. Schneider broadly requests "all [recorded] communications" during a nearly four-year period between her and five individuals, two of whom are the defendants.[2] The request therefore fails the specificity hurdle, invariably will include matters that are not admissible, and amounts to "a general discovery device." United States v. Henry, 482 F.3d at 30; see, e.g.,

---

[2] The subpoena for documents ordered the following: "All communications with Jie "Jack" Zhao, Ping Hu, Edward Zhao, Peter Brand, and/or Lawrence Cetrulo, from Mar. 15, 2019 through the present."

The term documents includes, without limitation, any means by which information is recorded or transmitted such text and/or other electronic messages, e-mails, handwritten/typed notes, video or audio recordings (such as voicemails), hardcopy files, electronic files, and paper records. See Exhibit A.

3

United States v. Manghis, 2010 WL 349583, at 2 (D. Mass. 2010) (subpoena duces tecum "request for 'any and all documents' relating to the CBP and FWS's interpretation and implementation of certain regulatory provisions is overbroad and amounts to little more than a fishing expedition"); United States v. Louis, 2005 WL 180885, at 6 (S.D.N.Y. 2005) (allowing motion to quash Rule 17(c) subpoenas that sought " 'any and all' documents relating to several categories of subject matter (some of them quite large), rather than specific evidentiary items"). The breadth of the subpoena directed at Ms. Schneider likewise establishes that the government intended the subpoena to operate as a general fishing expedition.

**(2) The demand that this subpoena places on Ms. Schneider is unreasonable and oppressive.**

This subpoena for documents requires Ms. Schneider to produce nearly four years of recorded communications between her, the defendants, and three other prospective witnesses with a deadline of 39 hours from service on December 13 at 9:00 AM. It is unduly burdensome, on its face, to serve a non-party with a document subpoena on a Sunday evening and require her to bear the time and expense for the government's dilatory investigation within 39 hours of delivery. Moreover, given the timing of service on a Sunday evening, the parties being mid-trial and the knowledge that Ms. Schneider remains a prospective witness, the use of a subpoena for documents at this delayed stage suggests an intent to intimidate her as a witness.

The breadth of the subpoena would place constraints on Ms. Schneider's time and energy that are unreasonable. When the government delivered the subpoena via email on Sunday evening, Ms. Schneider was in Salt Lake City, Utah, where she coached eight of her fencers who were competing at the December North American Cup. Ms. Schneider had been outside of Massachusetts since December 6 and is scheduled to arrive back in Boston on a red-eye flight in

the early hours of December 13. When she returns on December 13, she is scheduled to reunite and spend time with her two children under the age of six, whom she has not seen or held for an entire week **as well as** check in with her students individually, meet with her assistant coaches and attend scheduled practice with her teams. As head coach, she shoulders commitments to the positive personal growth of thirty individual student athletes while managing the emotional climate of her teams as a unit. Each day of this week, Ms. Schneider will balance her obligations at work with her commitments as a mother and partner at home. To require Ms. Schneider to produce nearly four years of documented communications will place unjust constraints on her ability meet her employment obligations and her time to care for her family. The unreasonable and undue hardship that the government's subpoena places on Ms. Schneider requires that this Court to quash it.

## CONCLUSION

For the forgoing reasons, Ms. Schneider requests that this Court quash the subpoena for documents delivered by the government on December 11, 2022.

Respectfully Submitted,
DARIA SCHNEIDER
By her attorney:

_____
Connie Tran, BBO# 687338
J. Connie Tran, Esq.
50 Congress Street
Suite 600
Boston, MA 02109
t. 617.744.9365 | e. jctranlaw@gmail.com

Dated: 12/13/22

## CERTIFICATE OF SERVICE

I hereby certify that this Motion to Quash was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 13, 2022.

_____
Connie Tran, Esq.